## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **TEDDRICK BAILEY,**<br>Individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>**UNIVERSAL CABLE HOLDINGS, INC. d/b/a SUDDENLINK COMMUNICATIONS**<br><br>*Defendant.* | § § § § § § § § § § § § § § | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b)(3)** |

## ORIGINAL COLLECTIVE / CLASS ACTION COMPLAINT

Plaintiff Teddrick Bailey ("Plaintiff" or "Bailey") brings this action individually and on behalf of all current and former non-exempt, hourly call-center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Universal Cable Holdings, Inc. d/b/a Suddenlink Communications (hereinafter "Defendant" or "Suddenlink"), anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), and Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the Texas common law claim is asserted as a class action under Federal Rule of Civil Procedure 23.

# I.
# OVERVIEW

1. This lawsuit includes a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201–19, and a class action pursuant to the state laws of Texas to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Suddenlink, anywhere in the United States within the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of the FLSA and state law.

3. Specifically, Suddenlink has enforced a uniform company-wide policy wherein it improperly required its non-exempt, hourly call-center employees—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

4. Suddenlink's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Suddenlink has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant statutes of limitation.

7. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA, or Texas state law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under the Texas state-law claim as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff prays that all similarly situated workers (FLSA Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 Texas class be certified as defined herein, and that Plaintiff Bailey designated herein be named as Class Representative for the Texas Common-Law Class.

## II.
## THE PARTIES

11. Plaintiff Teddrick Bailey ("Bailey") was employed by Suddenlink in Texas during the relevant time periods. Plaintiff Bailey did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former non-exempt, hourly call-center employees who were employed by Suddenlink anywhere in the United States at any time during the last three years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Bailey worked and was paid.

13. The Texas Common-Law Class Members are those current and former non-exempt, hourly call-center employees who were employed by Suddenlink in the State of Texas at any time during the last four years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Bailey worked and was paid.

---

[1] The written consent of Teddrick Bailey is hereby attached as Exhibit "A."

14. Defendant Universal Cable Holdings, Inc. d/b/a Suddenlink Communications ("Suddenlink") is a Foreign For-Profit Corporation, licensed to and doing business in Texas, and can be served with process through its registered agent: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.**

## III.
## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201–19.

16. This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over Suddenlink because the cause of action arose in and around this District as a result of Suddenlink's conduct within this District and Division.

18. Venue is proper in the Eastern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Suddenlink has maintained a working presence throughout the State of Texas (and the United States), and Plaintiff Bailey worked in East Texas throughout his employment with Suddenlink, all of which are located within this District and Division.

20. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

21. Suddenlink operates throughout the United States and holds itself out as providing, "digital cable television, high-speed internet, voice services, and home security/automation systems

that support the information, communication and entertainment demands of its residential customers."[2]

22. To provide its services, Suddenlink employed (and continues to employ) numerous non-exempt, hourly call-center employees–Plaintiff and the Putative Class Members–who provide customer support and sales services to its millions of customers.

23. Plaintiff and the Putative Class Members' job duties consisted of receiving telephone calls from Suddenlink's clients' customers and assisting those customers.

24. Plaintiff Bailey was employed by Suddenlink in Tyler, Texas from approximately February 2017 until June 2019.

25. Plaintiff and the Putative Class Members are all non-exempt call center employees who were (and are) paid by the hour.

26. Plaintiff and the Putative Class Members worked approximately forty (40) "on-the-clock" hours per week.

27. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members were often worked up to three hours "off-the-clock" per week and have not been compensated for that time.

28. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Suddenlink as a result of Suddenlink's uniform corporate policy and practice of paying its employees only during regularly scheduled shift time, and only when their computers were fully booted up and operational.

29. Specifically, Plaintiff and the Putative Class Members are required to start up and log into their computers before their shift officially starts, and then log in to each Suddenlink program,

---

[2] https://www.suddenlink.com/our-company/areas-we-serve

and ensure that each Suddenlink program is running correctly—all of which can take up to twenty minutes—before they are able to take their first phone call, which comes in as soon as their computers are fully operational.

30. In addition, Plaintiff and the Putative Class Members were required to arrive at work early, well in advance of their scheduled shifts, in order to perform work for Suddenlink.

31. Plaintiff and the Putative Class Members were not compensated for work they performed for Suddenlink prior to their scheduled shifts, including their computer start-up time, although they were expected to have completed their computer start up in advance of their official start time.

32. As a result of Suddenlink's corporate policies and practices of requiring Plaintiff and Putative Class Members to perform compensable work for Suddenlink, including their start-up time while off the clock, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

33. Suddenlink has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff Bailey.

34. Suddenlink is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week to Plaintiff and the Putative Class Members, but as has failed to do so.

35. Indeed, Suddenlink faced an identical lawsuit no less than three years ago and has yet to change their policies and practices.[3]

---

[3] *Ellis, et al. v. Universal Cable Holdings, Inc., et al.*, C.A. No. 2:16-cv-01289-JRG (E.D. Tex., Marshall Division).

36. Because Suddenlink did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Suddenlink's pay policies and practices willfully violate the FLSA.

37. Because Suddenlink did not pay Plaintiff and the Putative Class Members for all hours they worked, Suddenlink's pay policies and practices also violate Texas state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.  FLSA COVERAGE**

38. All previous paragraphs are incorporated as though fully set forth herein.

39. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY SUDDENLINK COMMUNICATIONS, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM FEBRUARY 12, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

40. At all times hereinafter mentioned, Suddenlink has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

41. At all times hereinafter mentioned, Suddenlink has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

42. At all times hereinafter mentioned, Suddenlink has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises

have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

43. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Suddenlink, these individuals provided services for Suddenlink that involved interstate commerce for purposes of the FLSA.

44. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

45. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Suddenlink who assisted Suddenlink's customers throughout the United States. 29 U.S.C. §203(j).

46. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

47. In violating the FLSA, Suddenlink acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

48. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 39.

49. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Suddenlink.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

50. All previous paragraphs are incorporated as though fully set forth herein.

51. Suddenlink has violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates for which they were employed.

52. Moreover, Suddenlink knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty each week. 29 U.S.C. § 255(a).

53. Suddenlink knew or should have known their pay practices were in violation of the FLSA.

54. Suddenlink is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

55. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Suddenlink to pay them according to the law.

56. The decisions and practices by Suddenlink to not pay for all hours worked and the proper amount of overtime for all hours worked over forty each week was neither reasonable nor in good faith.

57. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C.  **FLSA COLLECTIVE ACTION ALLEGATIONS**

58. All previous paragraphs are incorporated as though fully set forth herein.

59. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all Suddenlink's employees throughout the United States who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

60. Other similarly situated employees of Suddenlink have been victimized by Suddenlink's patterns, practices, and policies, which are in willful violation of the FLSA.

61. The FLSA Collective Members are defined in Paragraph 39.

62. Suddenlink's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Suddenlink, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

63. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

64. The Specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

65. All of the FLSA Collective Members—regardless if their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

66. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

67. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Suddenlink will retain the proceeds of its violations.

68. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

69. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 39 and should be sent promptly.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

A. **VIOLATIONS OF TEXAS COMMON LAW**

70. All previous paragraphs are incorporated as though fully set forth herein.

71. Plaintiff Bailey further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

72. The Texas Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY SUDDENLINK COMMUNICATIONS, IN THE STATE OF TEXAS, AT ANY TIME FROM FEBRUARY 12, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Common-Law Class" or "Texas Common-Law Class Members").**

73. The Texas Common-Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Suddenlink. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

74. The Texas Common-Law Class Members provided valuable services for Suddenlink, at Suddenlink's direction and with Suddenlink's acquiescence.

75. Suddenlink accepted the Texas Common-Law Class Members' services and benefited from their timely dedication to Suddenlink's policies and adherence to Suddenlink's schedule.

76. Suddenlink was aware that Plaintiff Bailey and the Texas Common-Law Class Members expected to be compensated for the services they provided Suddenlink.

77. Suddenlink has therefore benefited from services rendered by Plaintiff and the Texas Common-Law Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit*.

### B. TEXAS COMMON-LAW CLASS ALLEGATIONS

78. Plaintiff Bailey brings his Texas Common-Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Suddenlink to work in Texas since February 12, 2016. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

79. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of the Federal Rule of Civil Procedure 23's class action requisites are satisfied.

80. The number of Texas Common-Law Class Members is so numerous that joinder of all class members is impracticable.

81. Plaintiff Bailey is a member of the Texas Common-Law Class, his claims are typical of the claims of the other Texas Common-Law Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other Texas Common-Law Class Members.

82. Plaintiff Bailey and his counsel will fairly and adequately represent the Texas Common Law Class Members and their interests.

83. Class certification is appropriate under the Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

84. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 72.

## VI.
## RELIEF SOUGHT

85. Plaintiff respectfully prays for judgment against Suddenlink as follows:

　　a.　For an Order certifying the FLSA Collective as defined in Paragraph 39 and requiring Suddenlink to provide names, addresses, e-mail addresses, telephone number, and social security numbers of all putative Collective Action Members.

　　b.　For an Order approving the form and content of notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and their rights with respect thereto;

　　c.　For an Order pursuant to section 16(b) of the FLSA finding Suddenlink liable for unpaid wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in the amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

　　d.　For an Order certifying the Texas Common-Law Class as defined in Paragraph 72 and designating Plaintiff Bailey as the Class Representative of the Texas Common-Law Class;

　　e.　For an Order pursuant to Texas Common-Law awarding Plaintiff Bailey and the Texas Common-Law Class Members unpaid wages and other damages allowed by law;

　　f.　For an Order awarding the costs and expenses of this action;

　　g.　For an Order awarding attorneys' fees;

　　h.　For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

　　i.　For an Order awarding Plaintiff Bailey a service award as permitted by law;

　　j.　For an Order compelling the accounting of the books and records of Suddenlink, at Suddenlink's expenses; and

k. For an Order Granting such other and further relief as may be necessary and appropriate.

Dated: February 12, 2020

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexnder*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
**John D. Garcia**
Texas Bar No. 24096174
john@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**HOMMEL LAW FIRM**

By: /s/ *William S. Hommel, Jr.*
**William S. Hommel, Jr.**
Texas Bar No. 09934250
bhommel@hommelfirm.com
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
Telephone: 903-596-7100
Facsimilie: 469-533-1618

**Attorneys for Plaintiff and the Putative Class Members**